SOUTHERN DISTRICT OF MISSISSIPPI
FILED

MAR 10 2026

ARTHUR JOHNSTON
BY_____ DEPUTY

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## NORTHERN DIVISION

CRYSTAL HOUSTON                                                 PLAINTIFF

VS.                                          CIVIL ACTION NO. 3:26cv159-DPJ-ASH

HINDS COUNTY SHERIFF TYREE JONES,
IN HIS INDIVIDUAL CAPACITY,
AND HINDS COUNTY, MISSISSIPPI                                  DEFENDANTS

## COMPLAINT
### (Jury Trial Demanded)

**COMES NOW**, Plaintiff Crystal Houston ("Houston"), by and through her

attorney, Lisa M. Ross, and files this her Complaint against the Defendants, as follows:

### JURISDICTION AND VENUE

1.      This suit is authorized and instituted pursuant to 42 U.S.C. § 1981, the Equal

Protection Clause of the Fourteenth Amendment of the United States Constitution, by and

through § 42 U.S.C. § 1983, and  Title VII of the Civil Rights Act of 1964.  Jurisdiction

of the Court is invoked pursuant to  28 U.S.C. § 1343(a)(3) & (4), and 28 U.S.C. § 1331.

2.      Venue is proper pursuant to 28 U.S.C. § 1391(b).  A substantial part of the events

or omissions giving rise to these claims complained of by Houston occurred in the

Northern Division of Southern District of Mississippi.

### PARTIES

3.      Plaintiff Crystal Houston (hereinafter "Houston") is an adult African American

female resident citizen of Hinds County, Mississippi.

4.      Defendant Tyree Jones (hereinafter "Jones") is the Sheriff of Hinds County, Mississippi.  At all times material herein, Jones was acting within the course and scope of his employment as the final decisionmaker of the Hinds County Sheriff's Department. Jones may be served with process of this Court by service on him at his business address of Hinds County Sheriff's Office, 407 East Pascagoula Street, Jackson, Mississippi. Jones is not entitled to qualified immunity because his conduct violated clearly established law and was objectively unreasonable.  Jones is being sued in his individual capacity.

5.      Defendant Hinds County, Mississippi was and still is a county organized and existing under and by virtue of the laws of the State of Mississippi.  This defendant may be served with process of this Court in care of its agent for service, Robert Graham, President of the Hinds County Board of Supervisors.  Hinds County, Mississippi may be served with process of this Court by service on Robert Graham at 316 South President Street, Jackson, Mississippi.

**STATEMENT OF FACTS**

6.      On or about September 12, 2025, Crystal Houston ("Houston") was called into the office of Eric Stanton ("Stanton"), Chief of Police for Jackson State University, where she was employed as a lieutenant.  Stanton informed Houston that her employment at JSU was being terminated because JSU had been notified by the Mississippi Board on Law Enforcement Officer Standards and Training that Houston's certification was suspended pending an investigation.

7.      Houston's termination from JSU came within weeks of Hinds County Sheriff Tyree Jones ("Jones") observing her while she was in her JSU uniform working at two

JSU football games and the Battle of the Bands. Houston, who previously accused Jones of sexual harassment and retaliation, resigned her job with the Hinds County Sheriff's Department on or about June 31, 2025.

8.    In a letter to JSU, Commissioner Sean J. Tindell wrote: "the decision is due to Ms. Crystal Houston's record of conduct or actions that violated the Law Enforcement Code of Ethics and significantly diminish public trust in the competence and reliability of a law enforcement officer. Specifically, the circumstances surrounding her resignation under investigation from the Hinds County Sheriff's Office on June 31, 2025. The allegations of the internal investigation were for 'double-dipping,' working another job during her Hinds County Sheriff's Office duty hours."

9.    Upon information and belief, Jones, who currently doubles as Hinds County, Mississippi's sheriff and the City of Jackson's police chief, reported Houston after she filed a Charge of Discrimination against the sheriff's department alleging that she was being retaliated against for accusing Jones of sexual harassment.

10.    On October 9, 2023, Jones terminated Houston allegedly for recording him in a meeting. Houston requested a hearing. After the hearing, Houston returned to work on or about January 2, 2024. Upon her return to work, Houston had the rank of a captain but was required to complete the duties of a deputy. In addition, Houston was denied an opportunity to attend the Mississippi Law Enforcement Leaders Academy at her own expense while the sheriff's department paid the $3,000.00 fee for an employee who had not engaged in protected activity to attend the training. Houston was also barred from attending staff meetings. Other captains within the department who had not lodged claims of sexual harassment against Jones were allowed to attend staff meetings.

3

11.    A review of documents related to the manner in which Hinds County handled employees who engaged in conduct substantially similar to Houston demonstrates that Houston's protected activity is the reason that the sheriff's department reported her to the Office of Standards and Training.

12.    For example, on July 18, 2022, Jones sent an email to his command staff stating that: "It's been brought to my attention that reserve deputies have been assigned to working (sic) the detail at Congressman Benny Thompson's residence. It's also my understanding that they'd be compensated at an hourly rate whereas other deputies would be compensated at their hourly rate and half (time and a half). Per the MOU with the federal government the deputies assigned to this detail had to be county employees on county payroll and the hours would be submitted via invoice for the county to receive a reimbursement for the hours they worked. This would exclude reserve deputies and from the existence of the agreement it was my understanding that reserve deputies would not be assigned to this detail. Furthermore, there is no contractual agreement the county is bind (sic) to or any individual, to pay reserve deputies for their services in this detail, meaning that each person providing these services must be paid by Hinds County only, via reimbursement. I have put a hold on submitted invoices for payment at this time and until we can determine how the reserve deputies will be compensated for their services at the expense of the county via reimbursement from the federal government. An accurate invoice reflecting individual services and hours will have to follow once we have established how they will be compensated because as of right now, there is no system to compensate them and they should not be paid by an individual."

13.    Eleven days later Jones sent an employee a letter stating: "your demotion is based on the following charges and specifications: the Hinds County Sheriff's Office was contacted by the United States Capitol Police, in reference to providing a security detail at U.S. Congressman Bennie Thompson's residence, during the time he is in his hometown (Bolton, MS). A Memorandum of Understanding (MOU) was agreed upon, that HCSO would provide 24-hour security at the Congressman's residence.[1] You initially told Sheriff Tyree Jones that no reserve deputies would work this detail because they were not paid employees of the Sheriff's Office and federal money would be sent to the Sheriff's Office for reimbursement for the work. But later, after allegedly experiencing a shortage of manpower for the detail, you attempted to circumvent the matter by allowing reserve deputies to work anyway, (but indicating on the invoice that you were performing the work yourself) and then planning to pay them at less than half the rate you were making. This gave the impression that you were sub-contracting the work for a profit, which you did not have the authority or permission to do. Several of these deputies were interviewed by an investigator with the Internal Affairs Division and all stated you promised to pay them at a rate of $25 per hour, even though you would be collecting $57.50 an hour for the work. This gave cause to question your character and integrity and it put the Sheriff's Office in a negative light." *See*, Exhibit 1, Correspondence from Sheriff Tyree Jones.

14.    In another letter sent to the same employee on July 29, 2022, Jones wrote: "On July 15-17, 2022, you worked at the Black Rodeo that was held at the Mississippi State

---

[1]    The responsibilities of HCSO under the Memorandum of Understanding, HCSO shall provide support and enhancements to the USCP DPD protective mission by assigning a uniformed officer(s) in an unmarked police cruiser, on a 24-hour, 7-day-a-week basis, to the residence of Representative Bennie Thomson (representative) and his immediate family when the Representative is in his home district. *See*, Exhibit 3, Memorandum of Understanding.

Fairgrounds.  Allegations arose after the event, that there were some improprieties relating to the amount of hours some deputies had worked.  An investigation into those allegations revealed that you falsely recorded times on your timesheet for hours that you did not work.  During an interview with IAD Lieutenant Cheryl Childs, you stated you worked on Saturday, July 16, 2022, from 8 a.m. – 5 p.m. However, when Lt. Childs presented you with your timesheet you signed for that date, it reflected you as having worked 12:00 a.m. – 5 p.m.  You immediately responded that the timesheet was incorrect that you in fact had only worked the 8 am – 5pm shift.  When asked why the timesheet reflected a different time, you responded by saying, "I have no idea', (sic) and reiterated again that the time on the timesheet was not accurate." *See*, Exhibit 2, Correspondence from Sheriff Tyree Jones.

15.    According to both letters Jones sent the employee, the employee's demotion and suspension were based on violations of Hinds County General Order 2016-01-15, which provides that "it shall be the policy of the Hinds County Sherif's Office that it is the responsibility of every employee of the Sheriff's Office to promote public confidence in the dependability and integrity of the Sheriff's Office and its personnel.  Employees shall at no time be guilty of a breach of integrity, of misconduct, or of impropriety.  All employees of this Office shall, at all times, on or off duty, conduct themselves in a manner, which reflects honor and dignity upon the Hinds County Sheriff's Office."  See, Exhibits 1 and 2.

16.    In addition, Jones told the employee that the employee violated "General Order 2016-01-17 2) Second Group Offenses h) Any act or promotion through negligence, which could reasonably be expected to cause injury to another deputy.  3) Third Group

6

Offenses d) Falsification or non-filing of official documents, including but not limited to, vouchers, leave records, time records, other Department reports. j) acts of conduct occurring on or off duty, which are detrimental to professional reputation and performance of duty or are of such nature that continued employment with the HCSO would constitute negligence in regard to the Department's duties to the public, other HCSO employees or other County employees." *See*, Exhibits 1 and 2.

17.    Upon information the employee who was accused of violating the sheriff department's general orders was not referred to the Office of Standards and Training. Stated another way, that employee still is certified to work as a law enforcement officer in Mississippi, notwithstanding his alleged infractions.

18.    In addition, other sheriff department employees who are accused of working security details for a utility company while on duty with the sheriff's department have not been reported to the Office of Standards and Training. In one instance, the sheriff's department demoted from sergeant to corporal and suspended 30 days for double-dipping. The sheriff's department did not report that employee to the Office of Standards and Training.

19.    Jones reprimanded another employee who was accused of working security details for a utility company while the employee was away from work pursuant to the Family Medical Leave Act.

20.    Houston, who engaged in protected activity during the Internal Affairs Investigation, is the only Hinds County Sheriff's Department employee who has been reported to the Office of Standards and Training.

7

## CAUSE OF ACTIONS

## TITLE VII RETALIATION

21.     Plaintiff realleges all prior paragraphs of the Complaint as if set out here in full.

22.     Plaintiff contends Jones, in his individual capacity and as the official policymaker of Hinds County, Mississippi subjected her to retaliation for filing claims of sexual harassment and retaliation with the EEOC.  At all times relevant herein, Houston had a right to file charges of retaliation with the EEOC against Hinds County without fear of retribution.  Hinds County did not report employees to the Office of Standards and Training who engaged in the same and/or substantially similar conduct that he alleges Houston engaged in but had not engaged in protected activity.

23.     As a proximate consequence of the actions of Jones and Hinds County, Houston suffered emotional harm and damages.

## RACE DISCRIMINATION

24.     Plaintiff realleges all prior paragraphs of the Complaint as if set out here in full.

25.     Plaintiff contends Jones subjected her to race discrimination when he terminated her and surrendered her law enforcement certificate to the Office of Standards and Training but did not report a white employee who engaged in the same or substantially similar conduct to the Office of Standards and Training.

26.      Plaintiff contends that Hinds County, Mississippi's policymaker subjected her to race discrimination in violation of the Fourteenth Amendment to the United States Constitution via 42 U.S.C. § 1983.  As an official policymaker for the Hinds County Sheriff's Department, Jones and any reasonable sheriff would have known in 2025 that

8

Hinds County could not treat the Plaintiff differently than it treated similarly situated whites who engaged in the same or substantially similar conduct.

27.    Any reasonable sheriff would have known that citizens have a clearly established right to be free from discrimination at the hands of public officials.  Any reasonable sheriff also would have known in 2025 that the Plaintiff had a right to be treated the same or substantially similar to white citizens.

28.    In addition, Plaintiff had a clearly established right to be treated the same as all citizens and there is no rational basis for treating Plaintiff differently than similarly situated citizens.

29.    As a proximate consequence of the actions of Jones in his official and individual capacities, Houston suffered emotional harm and damages.

## DAMAGES

30.    As a consequence of the foregoing misconduct of the defendants, Houston sustained pain and suffering, physical injury, great mental distress, depression, insomnia, shock, fright and humiliation.

31.    As a consequence of the foregoing misconduct of the Defendants, Houston has been damaged in an amount exceeding the jurisdictional requirements of this Court. Houston exhausted her administrative remedies and has timely filed this action.  (*See*, Exhibit A and B, copies of the Right to Sue letters of Crystal Houston).

## RELIEF

32.    Plaintiff requests that the Court issue the following relief:

a. Enter an Order enjoining the Defendants from engaging in such discrimination and retaliatory practices in the future.

9

b. Enter temporary and permanent injunctions restraining the Defendants from discriminating, harassing and retaliating against the Plaintiff because she engaged in protected activity;

c. Award the Plaintiff damages for loss of income she suffered as a result of race discrimination and retaliation, she suffered at the hands of the defendants.

d. Award Plaintiffs attorney fees, costs and expenses of litigation and;

e. Award such other relief to which Plaintiffs may be entitled under law.

**WHEREFORE PREMISES CONSIDERED**, Plaintiff demands judgment against the Defendants in an amount exceeding the jurisdictional requirements of this Court, all together with the costs, including attorneys' fees, plus interest, and for any other relief which this Court deems just and proper.

**RESPECTFULLY SUBMITTED** this, the 10th, of March, 2026.

**CRYSTAL HOUSTON**

By: _Lisa M. Ross_

Lisa M. Ross (MSB # 9755)
Post Office Box 11264
Jackson, MS 39283-1264
(601) 981-7900 (telephone)
(601) 981-7917 (facsimile)

**Attorney for Plaintiff**